UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:    Hypervibe, Inc.,                Case No. 20-27367-GMH
                                          Chapter 7

          Debtor.

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL
CERTAIN ASSETS OF THE ESTATE**

Bruce A. Lanser, the trustee in above matter, hereby submits this Motion pursuant to 11 U.S.C. § 363(b), for the entry of an Order authorizing the sale of certain assets as further described in the Asset Purchase Agreement ("Agreement") attached hereto as Exhibit A to DWP PPV, LLC, for the sum of $25,000, by private sale. In support of the Motion, the trustee respectfully states as follows:

1.  The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on November 10, 2020. Following resignation of the initially appointed Chapter 7 trustee, Bruce A. Lanser was duly appointed as the successor Chapter 7 trustee, and continues to serve in that capacity.

Bruce A. Lanser
Chapter 7 Trustee
Suite 201
N14 W24200 Tower Place
Waukesha, WI 53188
262/522-2280 (Ph.)
262/522-2289 (Fax)
blanser@lanserlaw.com

1

2. The assets being sold and the terms and conditions of such sale are detailed in the Agreement attached hereto as Exhibit A. By way of summary only, however, the trustee seeks to sell all of the "hard assets," as well as all intellectual property of Hypervibe, Inc., for the sum of $25,000, subject to due notice and approval of the United States Bankruptcy Court with such sale being "as is, where is" without warranty or representation of an kind.

3. The trustee believes that the proposed sale price is reasonable under the circumstances for the following reasons:

    (a) The trustee has personally visited the festival site and the offices where the Debtor previously operated and has had an opportunity to personally inspect the assets being sold. The trustee is of the opinion that pursuing an alternative buyer or auctioning the assets in question would not yield a higher dollar amount. The nature and location of the assets is such that the trustee does not believe any auctioneer would consider it to be worthwhile to pursue a sale by auction, because of the time and expense that would be associated

Bruce A. Lanser
Chapter 7 Trustee
Suite 201
N14 W24200 Tower Place
Waukesha, WI 53188
262/522-2280 (Ph.)
262/522-2289 (Fax)
blanser@lanserlaw.com

    with such an auction as compared to the projected return on any sale.

  (b) Where the subject assets are currently located, either at the festival site or the Debtor's offices, rent is paid or otherwise provided for through the end of December 2020. Accordingly, in the absence of the proposed sale, the estate would be responsible for moving and storing the assets at a different location, all at the expense of the bankruptcy estate, which expense the trustee does not believe could subsequently be recouped.

  4. The claims bar date has not yet passed in this case, so the distribution to creditors cannot be projected. It is noted, however, that the Debtor's bankruptcy schedules disclosed value of assets at $707,876.20, as against claims of $4,469,877.28. Regardless, however, of any ultimate distribution, the proposed sale is in the best interest of the bankruptcy estate.

  WHEREFORE, the trustee respectfully requests that the Court authorize the sale of those assets contained on Exhibit A

Bruce A. Lanser
Chapter 7 Trustee
Suite 201
N14 W24200 Tower Place
Waukesha, WI 53188
262/522-2280 (Ph.)
262/522-2289 (Fax)
blanser@lanserlaw.com

3

to DWP PPV, LLC for the sum of $25,000, or for such other and further relief as the Court deems fair and equitable.

Dated this 14th day of December, 2020.

BRUCE A. LANSER, TRUSTEE

_____
Bruce A. Lanser
Chapter 7 Trustee

Bruce A. Lanser
Chapter 7 Trustee
Suite 201
N14 W24200 Tower Place
Waukesha, WI 53188
262/522-2280 (Ph.)
262/522-2289 (Fax)
blanser@lanserlaw.com

4

## Asset Purchase Agreement ("Agreement")

It is agreed, this 14th day of December, 2020, by and between **DWP PPV, LLC,** ("Buyer") by Danny Hayes, CEO and Member, and the **Bankruptcy Estate of Hypervibe, Inc., Case No. 20-27367,** ("Seller" or "Estate") by Bruce A. Lanser, Trustee, that **Buyer** shall purchase and **Seller** shall sell ("Sale") certain assets of the Estate as described below, ("Purchased Assets") on the following terms and conditions:

1. **Purchased Assets:**
   a. Purchased assets consist of:
      i. All currently held merchandise described in the bankruptcy schedules of the **Hypervibe, Inc.** ("**Hypervibe**") as "Merchandise related to 2019 festival carried over to this 2020 at cost," and having a disclosed value, at cost, of $26,129;
      ii. All office furniture/equipment described in the bankruptcy schedules of **Hypervibe** as "office furniture at American Drive" and having a disclosed value of $5,000;
      iii. Polaris Ranger having a disclosed value of $1,000;
      iv. All other currently held "hard assets" described in the bankruptcy schedules of **Hypervibe** as "lawnmowers, weed whackers, hand tools, misc. maintenance tools and equipment at the festival site" and having a disclosed value of $5,000;
      v. Customer lists and customer data listed in the bankruptcy schedules of **Hypervibe** as having an "unknown" value; and,
      vi. The Estate's interest in all rights to the trade names "Rock USA" and "Country USA," and all other intellectual property including but not limited to other trade names, if any, logos, artwork, designs, internet, social media and website information, whether such rights and ownership arise under contract, common or statutory law.
   b. It is understood that regardless of how the **Purchased Assets** may be described in the **Hypervibe's** bankruptcy schedules, the **Purchased Assets** include all of the hard assets of **Hypervibe** located at the festival site in Oshkosh, WI and the offices in Neenah, WI where **Hypervibe** previously operated.
2. **Purchase Price:** $25,000.
3. **Payment Terms:**
   a. Immediately upon the signing of this **Agreement**, Buyer shall send, by overnight mail, a cashier's check for the **Purchase Price** payable to **Bankruptcy Estate of Hypervibe, Inc., Case No. 20-27367, Bruce A. Lanser, Trustee** to Seller's office address, N14 W24200 Tower Place, Suite 201, Waukesha, WI 53188.
   b. In the event that **Sale** is not approved by the United States Bankruptcy Court, the **Purchase Price** shall be returned to **Buyer**.

4. **Condition Precedent:** The Sale is subject to the approval of the United States Bankruptcy Court following the filing of a motion seeking such approval and due notice to creditors of the Seller and other parties in interest.
5. **Warranties and Representations:**
    a. Bruce A. Lanser represents that he is the duly appointed and currently acting trustee of the Seller and has the authority to enter into this Agreement.
    b. Danny Hayes represents that he is the CEO and Member of the **Buyer** and has the authority to enter into this Agreement.
    c. Sale is "as is, where is" without warranty or representation of any kind.

Seller: _____  
by Bruce A. Lanser, Trustee

Buyer: _____  
by Danny Hayes, CEO and Member