# UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN

In re:  
HYPERVIBE, INC.

CASE NO. 20-27367 GMH

Chapter 7

Debtor(s).

## NOTICE OF TRUSTEE'S PROPOSED ABANDONMENT

BRUCE A. LANSER, the Trustee of this case intends to abandon the estate's interest in certain property, as described below, pursuant to 11 U.S.C. §554.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in the bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you object to the Trustee's intended abandonment, or if you want the court to consider your views on the matter, then on or before **December 31, 2020**, you or your attorney must:

1. File with the Court a written objection to the abandonment and a request for a hearing at:

    Clerk, U.S. Bankruptcy Court  
    Room 126, Federal Courthouse  
    517 E. Wisconsin Avenue  
    Milwaukee, WI 53202

2. If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

3. You must also mail a copy to:

    Office of the U.S. Trustee                    BRUCE A. LANSER  
    517 E. Wisconsin Ave., Rm 430          N14 W24200 Tower Place, Suite 201  
    Milwaukee, WI 53202                        Waukesha, WI 53188

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Trustee's notice and may enter an order granting that relief.

The Trustee intends to abandon the following property, not because of exemption, security interest or liens, but because the property is burdensome to the estate and of inconsequential value for the following reasons:

**1. Prepaid expenses listed in the bankruptcy schedules as having no value.**
Schedules reflect that the debtor's accountants carried prepaid expenses on the books of $681,136 but that the actual value is zero since they represent actual expenditures for advertising and lease payments but had not yet been recognized as expenses on the balance sheet since the events they relate to had not taken place.

**2. Accounts receivable of approximately $4,478.**
Schedules reflect total accounts receivable of $50,298 of which amount the trustee expects to recover approximately $45,819.70 and considers the remaining amount to be uncollectible.

**3. Leasehold improvements listed in the bankruptcy schedules as having no value.**
Schedules reflect that the debtor has, over time, spent approximately $3.5 million on improvements to the leased property where festivals were conducted including such things as roadbed/roadways, drainage, grading, landscaping, water system, fencing, power grid, etc, however such improvements inure to the benefit (or detriment as the case may be) to the owner of the property from whom the property was leased and has no value to the estate.

The Trustee reserves the right to withdraw from the proposed abandonment should circumstances require. Requests for additional information should be directed to the Trustee.

Date: 12/14/2020  /s/ Bruce A. Lanser
BRUCE A. LANSER, Trustee
N14 W24200 Tower Place
Suite 201
Waukesha, WI 53188