So Ordered.

Dated: February 4, 2021



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Hypervibe, Inc.,                        Case No. 20-27367-gmh

            Debtor.                         Chapter 7

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF THE ESTATE**

      On December 14, 2020, the chapter 7 trustee filed a motion seeking authority to sell certain assets of the Hypervibe, Inc. bankruptcy estate to DWP PPV, LLC for $25,000. ECF Nos. 69 and 70.

      On January 22, 2021, creditor Danielle Paszkiewicz filed a timely objection to the trustee's motion, explaining only that she "would like [her] money back". ECF No. 130, at 1.

      Ms. Paszkiewicz appears to misunderstand the relief requested by the chapter 7 trustee. The chapter 7 trustee is seeking permission to sell the estate's property in order to perform his statutory duty to "collect and reduce to money the property of the estate for which [the] trustee serves". 11 U.S.C. § 704(a)(1). In other words, the trustee is seeking to sell Hypervibe's property to obtain funds to pay creditors like Ms. Paszkiewicz.

Because Ms. Paszkiewicz asserts no grounds for opposing the chapter 7 trustee's request to sell the property, her objection is **overruled**.

**IT IS HEREBY ORDERED** that the trustee is authorized to sell certain assets of the estate to DWP PPV, LLC for $25,000, as further described in the Asset Purchase Agreement dated December 14, 2020, between DWP PPV, LLC and the Bankruptcy Estate of Hypervibe, Inc., Case No. 20-27367, attached to this order as Exhibit A, with such sale being effective as of December 31, 2020, as the court's December 23, 2020 order authorized. ECF No. 92.

The Clerk of Court is directed to mail a copy of this order directly to Ms. Paszkiewicz.

# # # # #

**EXHIBIT A**

## Asset Purchase Agreement ("Agreement")

It is agreed, this 14th day of December, 2020, by and between **DWP PPV, LLC,** ("Buyer") by Danny Hayes, CEO and Member, and the **Bankruptcy Estate of Hypervibe, Inc., Case No. 20-27367,** ("Seller" or "Estate") by Bruce A. Lanser, Trustee, that **Buyer** shall purchase and **Seller** shall sell ("Sale") certain assets of the Estate as described below, ("Purchased Assets") on the following terms and conditions:

1. **Purchased Assets:**
   a. Purchased assets consist of:
      i. All currently held merchandise described in the bankruptcy schedules of the **Hypervibe, Inc.** ("Hypervibe") as "Merchandise related to 2019 festival carried over to this 2020 at cost," and having a disclosed value, at cost, of $26,129;
      ii. All office furniture/equipment described in the bankruptcy schedules of **Hypervibe** as "office furniture at American Drive" and having a disclosed value of $5,000;
      iii. Polaris Ranger having a disclosed value of $1,000;
      iv. All other currently held "hard assets" described in the bankruptcy schedules of **Hypervibe** as "lawnmowers, weed whackers, hand tools, misc. maintenance tools and equipment at the festival site" and having a disclosed value of $5,000;
      v. Customer lists and customer data listed in the bankruptcy schedules of **Hypervibe** as having an "unknown" value; and,
      vi. The Estate's interest in all rights to the trade names "Rock USA" and "Country USA," and all other intellectual property including but not limited to other trade names, if any, logos, artwork, designs, internet, social media and website information, whether such rights and ownership arise under contract, common or statutory law.
   b. It is understood that regardless of how the **Purchased Assets** may be described in the **Hypervibe's** bankruptcy schedules, the **Purchased Assets** include all of the hard assets of **Hypervibe** located at the festival site in Oshkosh, WI and the offices in Neenah, WI where **Hypervibe** previously operated.
2. **Purchase Price:** $25,000.
3. **Payment Terms:**
   a. Immediately upon the signing of this **Agreement, Buyer** shall send, by overnight mail, a cashier's check for the **Purchase Price** payable to **Bankruptcy Estate of Hypervibe, Inc., Case No. 20-27367, Bruce A. Lanser, Trustee** to Seller's office address, N14 W24200 Tower Place, Suite 201, Waukesha, WI 53188.
   b. In the event that **Sale** is not approved by the United States Bankruptcy Court, the **Purchase Price** shall be returned to **Buyer.**

4. **Condition Precedent:** The Sale is subject to the approval of the United States Bankruptcy Court following the filing of a motion seeking such approval and due notice to creditors of the Seller and other parties in interest.
5. **Warranties and Representations:**
    a. Bruce A. Lanser represents that he is the duly appointed and currently acting trustee of the Seller and has the authority to enter into this Agreement.
    b. Danny Hayes represents that he is the CEO and Member of the **Buyer** and has the authority to enter into this Agreement.
    c. Sale is "as is, where is" without warranty or representation of any kind.

Seller: _____
by Bruce A. Lanser, Trustee

Buyer: _____
by Danny Hayes, CEO and Member