United States Bankruptcy Court
Eastern District of Wisconsin

| | |
|---|---|
| In re: | Case No. 20-27367-gmh |
| Hypervibe, Inc. | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0757-2 | User: adkt | Page 1 of 2 |
| Date Rcvd: Aug 19, 2021 | Form ID: pdfhrg | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 21, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Hypervibe, Inc., 2065 American Dr., Ste. A, Neenah, WI 54956-1095 |
| 11425027 | + | Courtney McFarlane, W8558 State Road 33, Portage WI 53901-9792 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 21, 2021      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 19, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Bruce A. Lanser | on behalf of Trustee Bruce A. Lanser wi10@ecfcbis.com |
| Bruce A. Lanser | wi10@ecfcbis.com |
| Office of the U. S. Trustee | ustpregion11.mi.ecf@usdoj.gov |
| Paul G. Swanson | on behalf of Debtor Hypervibe Inc. pswanson@steinhilberswanson.com, hsaladin@steinhilberswanson.com;9572849420@filings.docketbird.com |

So Ordered.

Dated: August 19, 2021



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Hypervibe, Inc.,             Case No. 20-27367-gmh
                                                Chapter 7

    Debtor.

**ORDER DENYING MOTION TO ENLARGE THE TIME TO FILE A CLAIM**

    The deadline to file proofs of claims in this case was February 23, 2021. On July 29, 2021, Courtney McFarlane filed correspondence that the court construes as a motion to enlarge the time to file a proof of claim in this bankruptcy case.

    Federal Rule of Bankruptcy Procedure 3002(c)(5) governs the deadline for filing proofs of claims in this chapter 7 case. Ms. McFarlane did not file a proof of claim by the deadline, and there is no basis to enlarge the deadline under Rule 3002.

    But §726(a)(2)(C) of the Bankruptcy Code directs distributions of estate property on the basis of a tardily filed unsecured claim if "(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim . . .; and (ii) proof of such claim is filed in time to permit payment of such claim". 11 U.S.C. §726(a)(2)(C). Therefore, based on Ms. McFarlane's assertion that she

did not receive information about timely filing a claim, she may be entitled to a distribution if she files a proof of claim in time to permit payment of that claim.

Accordingly, Ms. McFarlane's motion to extend the time to file a claim is DENIED without prejudice to her right to file a proof of claim and potentially receive payment under 11 U.S.C. §726(a)(2)(C) or (3). To assert a right to receive payment under 11 U.S.C. §726(a)(2)(C) or (3), Ms. McFarlane must file a proof of claim either electronically through the court's website or by filing a paper copy of Official Form 410 – Proof of Claim with the court.

#####